*[Handwritten at top: (RJS)(JCF) DOCKET IN ALL LISTED CASES]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STEPHEN JUSICK, et al.,

        Plaintiffs,

-versus-

THE CITY OF NEW YORK, et al.,

        Defendants.
------------------------------------------------------------------x
THEO RIGBY,

        Plaintiff,

-versus-

THE CITY OF NEW YORK, et al.,

        Defendants.
------------------------------------------------------------------x
ELIJAH MANDERS, et al.,

        Plaintiffs,

-versus-

THE CITY OF NEW YORK, et al.,

        Defendants.
------------------------------------------------------------------x

CASE MANAGEMENT ORDER

07 CV 7683 (RJS)(JCF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/07

07 CV 7751 (RJS)(JCF)

07 CV 7752 (RJS)(JCF)

        Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court hereby enters its Case Management Order governing the foregoing cases. These cases arise from, *inter alia*, the arrest and detention of plaintiffs by the New York City Police Department around the time of the Republican National Convention in New York City in late August and early September 2004 ("RNC Cases").

        In these cases, the parties anticipate that issue will be joined shortly and that all of the material allegations of the complaints will be denied. Defendants have stipulated to the

following terms at this time to permit plaintiffs the opportunity to participate in the consolidated discovery currently underway in the related RNC Cases.

In addition to this order, the parties agree to be bound by Discovery Order #1 (which provides for the consolidated depositions of certain defense witnesses); Discovery Order #2 (which provides for the scheduling of party depositions); Protective Order #1 (which provides for the confidential treatment of certain discovery materials) and all other protective orders entered in the consolidated RNC cases.

The Court is advised that one or both parties do not consent to trial of this case by magistrate judge. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. This order may be modified only by agreement of the parties, subject to the Court's approval, or upon a showing of good cause.

| *DATE DUE* | *PLEADINGS & DISCOVERY* |
|---|---|
| | The parties have agreed to dispense with initial disclosures and will commence discovery as described below. |
| 12/17/2007 | All written discovery requests, including document requests and interrogatories, shall have been served, except as provided below. |
| 2/15/2008 | All depositions of fact witnesses shall have been noticed. With respect to both fact and expert witnesses, unless the noticing party assents or the court orders otherwise, depositions of particular witnesses are not to be held until the party producing the witness has responded to any outstanding interrogatories and requests for documents pertaining to that witness. Once a party has completed the deposition of a witness, that party shall not later seek to re-depose that witness absent good cause. |
| 4/1/2008 | All fact discovery for plaintiffs and defendants shall have been completed. |

2

~~5/1/2008~~ 4/1/2008  Plaintiffs shall identify their expert witnesses for trial and provide the disclosures contemplated by the federal rules.

~~6/1/2008~~ 4/30  Depositions of plaintiffs' trial experts shall be completed.

~~6/1/2008~~ 4/30  Defendants shall identify their expert witnesses for trial and provide the disclosures contemplated by the federal rules.

~~7/1/2008~~ 5/30  Depositions of defendants' trial experts shall be completed.

~~8/1/2008~~ 6/30  All contention interrogatories and requests to admit shall be served.

~~9/1/2008~~ 7/31  All responses due to contention interrogatories and requests to admit.

8/15/08  Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge. The parties do not request a settlement conference before a Magistrate Judge at this time.

Counsel for the parties have discussed the use of the Court's Mediation Program. The parties do not request that the case be referred to the Court's Mediation Program.

Counsel for the parties have discussed the use of a privately retained mediator. The parties do not intend to use a privately retained mediator.

### *DISPOSITIVE MOTIONS*

~~10/1/2008~~ 8/29  All dispositive motions shall have been served ~~in Manders~~. Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least four weeks prior to this deadline.

~~10/15/2008  All dispositive motions shall have been served in Rigby. Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least four weeks prior to this deadline.~~

~~11/3/2008  All dispositive motions shall have been served in Jusick. Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least four weeks prior to this deadline.~~

~~11/3/2008~~ 9/30  Oppositions due to all dispositive motions ~~in Manders~~.

~~11/17/2008   Oppositions due to all dispositive motions in Rigby.~~

~~12/1/2008   Oppositions due to all dispositive motions in Jusick.~~

3

| | |
|---|---|
| 10/31 ~~12/1/2008~~ | Replies, if any, due to all dispositive motions ~~in Manders~~. |
| ~~12/15/2008~~ | ~~Replies, if any, due to all dispositive motions in Rigby.~~ |
| ~~12/29/2008~~ | ~~Replies, if any, due to all dispositive motions in Jusick.~~ |
| Within 30 days of the Court's ruling on dispositive motions | Should any part of the case remain after the Court's ruling on dispositive motions, a Pre-Trial Conference with the Court shall be held. Prior to that conference, the parties shall consult and submit to the Court a Joint Pretrial Order prepared in accordance with the trial judge's Individual Practices and Rule 26(a)(3) of the Federal Rules of Civil Procedure. If this action is to be tried before a jury, proposed *voir dire*, jury instructions and a verdict form shall be filed with the Joint Pretrial Order. Counsel are required to meet and confer on the jury instructions and verdict form in an effort to make an agreed upon submission. |

The parties have conferred and their present best estimate of the length of trial of each case is approximately 2-3 weeks.

**SO ORDERED**

DATED:   New York, New York
         December  17 , 2007

*James C. Francis IV*
James C. Francis IV
United States Magistrate Judge

4