UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
ELIJAH MANDERS and LAUREN GARVEY,

                                        Plaintiffs,

                  -against-

THE CITY OF NEW YORK, MICHAEL BLOOMBERG,
RAYMOND KELLY, STEPHEN HAMMERMAN,
DAVID COHEN, THOMAS DOEPFNER, LIEUTENANT
DANIEL ALBANO, DEPUTY INSPECTOR KERRY
SWEET, RUBY MARIN-JORDAN, NYPD LEGAL
BUREAU SUPERVISOR(S) AT PIER 57, JOSEPH
ESPOSITO, THOMAS GRAHAM, JACK MCMANUS,
BRUCE SMOLKA, TERENCE MONAHAN, JOHN J.
COLGAN, INSPECTOR KEVIN WARD, INSPECTOR
THOMAS DIRUSSO, LIEUTENANT BERGQUIST,
SERGEANT MURPHY, POLICE OFFICER EDWARD
YOUNG, JOHN DOES, RICHARD ROES, HUDSON
RIVER PARK TRUST,

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT**

07 CV 7752 (RJS)(JCF)

        Defendants The City Of New York, Michael Bloomberg, Raymond Kelly, Stephen Hammerman, David Cohen, Thomas Doepfner, Daniel Albano, Kerry Sweet, Ruby Marin-Jordan, Joseph Esposito, Bruce Smolka, John J. Colgan, Kevin Ward, and Hudson River Park Trust ("HRPT") [hereinafter, collectively referred to as "Defendants"], by their attorneys, Michael A. Cardozo, Corporation Counsel for the City of New York, as and for their answer to the Complaint (the "Complaint") filed by plaintiffs ("Plaintiffs"), respectfully allege as follows:

## AS TO PRELIMINARY STATEMENT

1. Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiffs purport to seek the relief as stated therein.

## AS TO "JURISDICTION"

2. Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

3. Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiffs purport to invoke the Court's jurisdiction as stated therein.

## AS TO "JURY TRIAL DEMANDED"

4. Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiffs purports to demand a jury trial.

## AS TO "VENUE"

5. Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiffs purport that venue is proper.

## AS TO "PARTIES"

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Defendants deny the allegations set forth in Paragraph "8" of the Complaint, except admit that Defendant City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

9. Defendants deny the allegations set forth in Paragraph "9" of the Complaint, except admit that Michael R. Bloomberg is the Mayor of the City of New York.

10. Defendants deny the allegations set forth in Paragraph "10" of the Complaint, except admit that Raymond Kelly is the Police Commissioner for the City of New York.

11. Defendants deny the allegations set forth in Paragraph "11" of the Complaint, except aver that Stephen Hammerman is the former Deputy Commissioner of Legal Matters for the New York Police Department.

12. Defendants deny the allegations set forth in Paragraph "12" of the Complaint, except admit that David Cohen is the Deputy Commissioner for Intelligence for the New York Police Department.

13. Defendants deny the allegations set forth in Paragraph "13" of the Complaint, except admit that Thomas Doepfner is the Assistant Deputy Commissioner of Legal Matters for the New York Police Department.

14. Defendants deny the allegations set forth in Paragraph "14" of the Complaint, except admit that Daniel Albano is a lieutenant assigned to the NYPD Legal Bureau.

15. Defendants deny the allegations set forth in Paragraph "15" of the Complaint, except admit that Kerry Sweet is a Deputy Inspector assigned as the Executive Officer of the NYPD Legal Bureau.

16. Defendants deny the allegations set forth in Paragraph "16" of the Complaint, except admit that Ruby Marin-Jordan is Senior Counsel in the NYPD Legal Bureau.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18. Defendants deny the allegations set forth in Paragraph "18" of the Complaint, except admit that Joseph Esposito is Chief of Department of the NYPD.

19. Defendants deny the allegations set forth in Paragraph "19" of the Complaint, except admit that Thomas Graham is the Commanding Officer of the Disorder Control Unit of the NYPD.

20. Defendants deny the allegations set forth in Paragraph "20" of the Complaint, except aver that Jack McManus is the former Assistant Chief in the NYPD.

21. Defendants deny the allegations set forth in Paragraph "21" of the Complaint, except aver that Bruce Smolka is a retired Assistant Chief of the NYPD and former Commanding Officer of Patrol Borough Manhattan South.

22. Defendants deny the allegations set forth in Paragraph "22" of the Complaint, except admit that Terence Monahan is employed by the City of New York.

23. Defendants deny the allegations set forth in Paragraph "23" of the Complaint, except admit that John Colgan is employed by the City of New York.

24. Defendants deny the allegations set forth in Paragraph "24" of the Complaint, except admit that defendants Ward, DiRusso, Bergquist, Murphy, and Young is or were employed by the City of New York.

25. Defendants deny the allegations set forth in Paragraph "25" of the Complaint, except admit that defendants Bloomberg, Kelly, Hammerman, Cohen, Doepfner, Albano, Sweet, Marin-Jordan, Esposito, Graham, McManus, Smolka, Monahan, Colgan, Ward, DiRusso, Bergquist, and Murphy is or were employed by the City of New York.

26. Defendants deny the allegations set forth in paragraph "26" of the Complaint, except admit that the HRPT entered into an agreement with the City of New York regarding the use of Pier 57 during the RNC.

## AS TO THE "STATEMENT OF FACT"

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27", except admit that on August 31, 2004, plaintiffs were arrested.

28. Defendants deny the allegations set forth in paragraph "28" of the Complaint, except admit that plaintiffs were arrested.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, except deny that the group was walking in an orderly fashion.

30. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "30" of the Complaint.

31. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in paragraph "32" of the Complaint.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in paragraph "34" of the Complaint, except aver that the group remained at that location.

35. Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36. Defendants deny knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in paragraph "37" of the Complaint.

38. Defendants deny knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint, except admit that plaintiffs were arrested, and deny that "arrests were made without probable cause or individualized suspicion of criminal activity [or] were thoroughly unreasonable."

47. Defendants deny the allegations set forth in paragraph "47" of the Complaint, except admit that defendant Young was plaintiffs' arresting officer and deponent on the criminal complaints filed against plaintiffs.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49. Defendants deny the allegations set forth in paragraph "49" of the Complaint.

50. Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51. Defendants deny the allegations contained in paragraph "51" of the Complaint, except admit that HRPT entered into an agreement with the City of New York regarding the use of Pier 57 during the RNC.

52. Defendants deny the allegations set forth in paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in paragraph "55" of the Complaint.

56. Defendants deny the allegations set forth in paragraph "56" of the Complaint.

57. Defendants deny the allegations set forth in paragraph "57" of the Complaint.

58. Defendants deny the allegations set forth in paragraph "58" of the Complaint.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint, except refer to the criminal court complaints for the charges against plaintiff.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint, except refer to the criminal court complaints for the charges against plaintiff.

61. Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62. Defendants deny the allegations set forth in paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in paragraph "64" of the Complaint.

65. Defendants deny the allegations set forth in paragraph "65" of the Complaint.

66. Defendants deny the allegations set forth in paragraph "66" of the Complaint.

67. Defendants deny the allegations set forth in paragraph "67" of the Complaint.

### AS TO THE "FIRST CLAIM (DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983)"

68. In response to the allegations set forth in paragraph "68" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

69. Defendants deny the allegations set forth in paragraph "69" of the Complaint.

70. Defendants deny the allegations set forth in paragraph "70" of the Complaint.

71. Defendants deny the allegations set forth in paragraph "71" of the Complaint.

### AS TO THE "SECOND CLAIM SUPERVISOR LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983)"

72. In response to the allegations set forth in paragraph "72" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

73. Defendants deny the allegations set forth in paragraph "73" of the Complaint.

### AS TO THE "THIRD CLAIM LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS"

74. In response to the allegations set forth in paragraph "74" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

75. Defendants deny the allegations set forth in paragraph "75" of the Complaint.

76. Defendants deny the allegations set forth in paragraph "76" of the Complaint.

77. Defendants deny the allegations set forth in paragraph "77" of the Complaint.

78. Defendants deny the allegations set forth in paragraph "78" of the Complaint.

79. Defendants deny the allegations set forth in paragraph "79" of the Complaint.

80. Defendants deny the allegations set forth in paragraph "80" of the Complaint.

81. Defendants deny the allegations set forth in paragraph "81" of the Complaint.

82. Defendants deny the allegations set forth in paragraph "82" of the Complaint.

83. Defendants deny the allegations set forth in paragraph "83" of the Complaint.

84. Defendants deny the allegations set forth in paragraph "84" of the Complaint.

85. Defendants deny the allegations set forth in paragraph "85" of the Complaint.

86. Defendants deny the allegations set forth in paragraph "86" of the Complaint.

87. Defendants deny the allegations set forth in paragraph "87" of the Complaint.

### AS TO THE "FOURTH CLAIM LIABILITY OF HUDSON RIVER PARK TRUST FOR CONSTITUTIONAL VIOLATIONS"

88. In response to the allegations set forth in paragraph "88" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

89. Defendants deny the allegations set forth in paragraph "89" of the Complaint.

90. Defendants deny the allegations set forth in paragraph "90" of the Complaint.

91. Defendants deny the allegations set forth in paragraph "91" of the Complaint.

92. Defendants deny the allegations set forth in paragraph "92" of the Complaint.

93. Defendants deny the allegations set forth in paragraph "93" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

94. The Complaint fails in whole or in part to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

95. There was probable cause for Plaintiff's arrest, detention, and/or prosecution.

## THIRD AFFIRMATIVE DEFENSE

96. Any and all injuries alleged in the complaint were caused, in whole or in part, by plaintiff's culpable, negligent, or intervening conduct and were not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE

97. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

98. Punitive damages cannot be recovered as against the defendants; and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process, and other provisions of law.

## SIXTH AFFIRMATIVE DEFENSE

99. Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## SEVENTH AFFIRMATIVE DEFENSE

100. At all times relevant to the acts alleged in the Complaint, defendant City of New York, its agents and employees, and any and all defendants, acted reasonably in the proper and

lawful exercise of his discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

## EIGHTH AFFIRMATIVE DEFENSE

101. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

102. There is no personal jurisdiction over one or more of the defendants.

## TENTH AFFIRMATIVE DEFENSE

103. To the extent Defendants used any force, it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

## ELEVENTH AFFIRMATIVE DEFENSE

104. Plaintiff failed to mitigate his damages.

## TWELFTH AFFIRMATIVE DEFENSE

105. Plaintiff consented to the acts about which he complains.

## THIRTEENTH AFFIRMATIVE DEFENSE

106. Plaintiff's claims are barred, in whole or in part, by his contributory or comparative negligence and by his assumption of the risk.

### FOURTEENTH AFFIRMATIVE DEFENSE

107. At all times relevant to the acts alleged in the Complaint, plaintiff was not engaged in any form of speech which is protected by the First Amendment.

### FIFTEENTH AFFIRMATIVE DEFENSE

108. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### SIXTEENTH AFFIRMATIVE DEFENSE

109. Plaintiffs has not complied with the conditions precedent to suit.

### SEVENTEENTH AFFIRMATIVE DEFENSE

110. Plaintiff provoked the incidents of which he complains.

### EIGHTEENTH AFFIRMATIVE DEFENSE

111. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE

112. Any force used by defendants was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others

## TWENTIETH AFFIRMATIVE DEFENSE

**113.** Plaintiff's claims are barred, in whole or in party, by the doctrine of laches.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

114. Plaintiff lacks standing to demand declaratory or injunctive relief.

**WHEREFORE,** defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 7, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendants City Of New York, Michael Bloomberg, Raymond Kelly, Stephen Hammerman, David Cohen, Thomas Doepfner, Daniel Albano, Kerry Sweet, Ruby Marin-Jordan, Joseph Esposito, Bruce Smolka, John J. Colgan, Kevin Ward, and Hudson River Park Trust*
100 Church Street, Room 3-197
New York, New York 10007
(212) 788-1570

By:  /s/
Cheryl L. Shammas

Index Number 07 CV 7752 (RJS)(JCF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ELIJAH MANDERS, et al.,<br><br>                              Plaintiffs,<br><br>                    -against-<br><br>THE CITY OF NEW YORK, et al.,<br><br>                              Defendants. |
| **ANSWER TO THE COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>100 Church Street<br>New York, N.Y.  10007<br>*Of Counsel: Cheryl L. Shammas*<br> Tel:  (212) 788-1570<br>Fax:  (212) 788-9776<br>NYCLIS No. |
| *Due and timely service is hereby admitted.*<br>*New York, N.Y.  .................................................. ,*<br>*.................................................................. Esq.*<br>*Attorney for City of New York* |