UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

ELIJAH MANDERS and LAUREN GARVEY,

Plaintiffs,

-against-

THE CITY OF NEW YORK, MICHAEL BLOOMBERG, RAYMOND KELLY, STEPHEN HAMMERMAN, DAVID COHEN, THOMAS DOEPFNER, LIEUTENANT DANIEL ALBANO, DEPUTY INSPECTOR KERRY SWEET, RUBY MARIN-JORDAN, NYPD LEGAL BUREAU SUPERVISOR(S) AT PIER 57, JOSEPH ESPOSITO, THOMAS GRAHAM, JACK MCMANUS, BRUCE SMOLKA, TERENCE MONAHAN, JOHN J. COLGAN, INSPECTOR KEVIN WARD, INSPECTOR THOMAS DIRUSSO, LIEUTENANT BERGQUIST, SERGEANT MURPHY, POLICE OFFICER EDWARD YOUNG, JOHN DOES, RICHARD ROES, HUDSON RIVER PARK TRUST,

Defendants.

---------------------------------------------------------------------- x

**ANSWER TO THE COMPLAINT BY DEFENDANTS MONAHAN, GRAHAM, DIRUSSO, BERGQUIST, MURPHY, AND YOUNG**

07 CV 7752 (RJS)(JCF)

Defendants Terrence Monahan, Thomas Graham, Thomas Dirusso, John Bergquist, William Murphy, and Edward Young [collectively, “Defendants”], by their attorneys, Michael A. Cardozo, Corporation Counsel for the City of New York, as and for their answer to the Complaint (the “Complaint”) filed by plaintiffs (“Plaintiffs”), respectfully allege as follows:

**AS TO PRELIMINARY STATEMENT**

1. Defendants deny the allegations set forth in Paragraph "1" of the Complaint, except admit that Plaintiffs purport to seek the relief as stated therein.

**AS TO "JURISDICTION"**

2. Defendants deny the allegations set forth in Paragraph "2" of the Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

3. Defendants deny the allegations set forth in Paragraph "3" of the Complaint, except admit that Plaintiffs purport to invoke the Court's jurisdiction as stated therein.

**AS TO "JURY TRIAL DEMANDED"**

4. Defendants deny the allegations set forth in Paragraph "4" of the Complaint, except admit that Plaintiffs purports to demand a jury trial.

**AS TO "VENUE"**

5. Defendants deny the allegations set forth in Paragraph "5" of the Complaint, except admit that Plaintiffs purport that venue is proper.

**AS TO "PARTIES"**

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint.

8.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint.

9.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the Complaint, except admit that Michael R. Bloomberg is the Mayor of the City of New York.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the Complaint, except admit that Raymond Kelly is the Police Commissioner for the City of New York.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

19. Defendants deny the allegations set forth in Paragraph "19" of the Complaint, except admit that Thomas Graham is the Commanding Officer of the Disorder Control Unit of the NYPD.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Complaint.

22. Defendants deny the allegations set forth in Paragraph "22" of the Complaint, except admit that Terence Monahan is employed by the City of New York.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in Paragraph "24" of the Complaint, except admit that defendants DiRusso, Bergquist, Murphy, and Young is or were employed by the City of New York.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of the Complaint, except admit that

defendants Graham, Monahan, DiRusso, Bergquist, and Murphy is or were employed by the City of New York.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint.

**AS TO THE "STATEMENT OF FACT"**

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27", except admit that on August 31, 2004, plaintiffs were arrested.

28. Defendants deny the allegations set forth in Paragraph "28" of the Complaint, except admit that plaintiffs were arrested.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "29" of the Complaint, except deny that the group was walking in an orderly fashion.

30. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "30" of the Complaint.

31. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "31" of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32" of the Complaint.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in Paragraph "34" of the Complaint, except aver that the group remained at that location.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "35" of the Complaint.

36. Defendants deny knowledge or information sufficient to form belief as to the truth of the allegations set forth in Paragraph "36" of the Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "37" of the Complaint.

38. Defendants deny knowledge or information sufficient to form belief as to the truth of the allegations set forth in Paragraph "38" of the Complaint.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "39" of the Complaint.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "40" of the Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in Paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in Paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "45" of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "46" of the Complaint, except admit that plaintiffs were arrested, and deny that "arrests were made without probable cause or individualized suspicion of criminal activity [or] were thoroughly unreasonable."

47. Defendants deny the allegations set forth in Paragraph "47" of the Complaint, except admit that defendant Young was plaintiffs' arresting officer and deponent on the criminal complaints filed against plaintiffs.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "48" of the Complaint.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "49" of the Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "50" of the Complaint.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "51" of the Complaint.

52. Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

56. Defendants deny the allegations set forth in Paragraph "56" of the Complaint.

57. Defendants deny the allegations set forth in Paragraph "57" of the Complaint.

58. Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "59" of the Complaint, except refer to the criminal court complaints for the charges against plaintiff.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "60" of the Complaint, except refer to the criminal court complaints for the charges against plaintiff.

61. Defendants deny the allegations set forth in Paragraph "61" of the Complaint.

62. Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in Paragraph "64" of the Complaint.

65. Defendants deny the allegations set forth in Paragraph "65" of the Complaint.

66. Defendants deny the allegations set forth in Paragraph "66" of the Complaint.

67. Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

**AS TO THE "FIRST CLAIM (DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983)"**

68. In response to the allegations set forth in Paragraph "68" of the Complaint, Defendants repeat and re-allege all the preceding Paragraphs of their answer, as if set forth fully herein.

69. Defendants deny the allegations set forth in Paragraph "69" of the Complaint.

70. Defendants deny the allegations set forth in Paragraph "70" of the Complaint.

71. Defendants deny the allegations set forth in Paragraph "71" of the Complaint.

**AS TO THE "SECOND CLAIM SUPERVISOR LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983)"**

72. In response to the allegations set forth in Paragraph "72" of the Complaint, Defendants repeat and re-allege all the preceding Paragraphs of their answer, as if set forth fully herein.

73. Defendants deny the allegations set forth in Paragraph "73" of the Complaint.

**AS TO THE "THIRD CLAIM LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS"**

74. In response to the allegations set forth in Paragraph "74" of the Complaint, Defendants repeat and re-allege all the preceding Paragraphs of their answer, as if set forth fully herein.

75. Defendants deny the allegations set forth in Paragraph “75” of the Complaint.

76. Defendants deny the allegations set forth in Paragraph “76” of the Complaint.

77. Defendants deny the allegations set forth in Paragraph “77” of the Complaint.

78. Defendants deny the allegations set forth in Paragraph “78” of the Complaint.

79. Defendants deny the allegations set forth in Paragraph “79” of the Complaint.

80. Defendants deny the allegations set forth in Paragraph “80” of the Complaint.

81. Defendants deny the allegations set forth in Paragraph “81” of the Complaint.

82. Defendants deny the allegations set forth in Paragraph “82” of the Complaint.

83. Defendants deny the allegations set forth in Paragraph “83” of the Complaint.

84. Defendants deny the allegations set forth in Paragraph “84” of the Complaint.

85. Defendants deny the allegations set forth in Paragraph “85” of the Complaint.

86. Defendants deny the allegations set forth in Paragraph “86” of the Complaint.

87. Defendants deny the allegations set forth in Paragraph “87” of the Complaint.

**AS TO THE “FOURTH CLAIM LIABILITY OF HUDSON RIVER PARK TRUST FOR CONSTITUTIONAL VIOLATIONS”**

88. In response to the allegations set forth in Paragraph “88” of the Complaint, Defendants repeat and re-allege all the preceding Paragraphs of their answer, as if set forth fully herein.

89. Defendants deny the allegations set forth in Paragraph "89" of the Complaint.

90. Defendants deny the allegations set forth in Paragraph "90" of the Complaint.

91. Defendants deny the allegations set forth in Paragraph "91" of the Complaint.

92. Defendants deny the allegations set forth in Paragraph "92" of the Complaint.

93. Defendants deny the allegations set forth in Paragraph "93" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

94. The Complaint fails in whole or in part to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

95. There was probable cause for Plaintiff's arrests, detention, and/or prosecution.

**THIRD AFFIRMATIVE DEFENSE**

96. Any and all injuries alleged in the complaint were caused, in whole or in part, by plaintiff's culpable, negligent, or intervening conduct and were not the proximate result of any act of defendants.

**FOURTH AFFIRMATIVE DEFENSE**

97. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE**

98. Punitive damages cannot be recovered as against the defendants; and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process, and other provisions of law.

**SIXTH AFFIRMATIVE DEFENSE**

99. Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

**SEVENTH AFFIRMATIVE DEFENSE**

100. At all times relevant to the acts alleged in the Complaint, defendant City of New York, its agents and employees, and any and all defendants, acted reasonably in the proper and lawful exercise of his discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

**EIGHTH AFFIRMATIVE DEFENSE**

101. Plaintiffs' claims are barred, in part, by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

102. There is no personal jurisdiction over one or more of the defendants.

**TENTH AFFIRMATIVE DEFENSE**

103. To the extent Defendants used any force, it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

**ELEVENTH AFFIRMATIVE DEFENSE**

104. Plaintiffs failed to mitigate his damages.

**TWELFTH AFFIRMATIVE DEFENSE**

105. Plaintiffs consented to the acts about which he complains.

**THIRTEENTH AFFIRMATIVE DEFENSE**

106. Plaintiffs' claims are barred, in whole or in part, by his contributory or comparative negligence and by his assumption of the risk.

**FOURTEENTH AFFIRMATIVE DEFENSE**

107. At all times relevant to the acts alleged in the Complaint, plaintiffs were not engaged in any form of speech which is protected by the First Amendment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

108. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**SIXTEENTH AFFIRMATIVE DEFENSE**

109. Plaintiffs has not complied with the conditions precedent to suit.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

110. Plaintiffs provoked the incidents of which he complains.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

111. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

**NINETEENTH AFFIRMATIVE DEFENSE**

112. Any force used by defendants was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

**TWENTIETH AFFIRMATIVE DEFENSE**

113. Plaintiffs' claims are barred, in whole or in party, by the doctrine of laches.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

114. Plaintiffs lacks standing to demand declaratory or injunctive relief.

**WHEREFORE,** defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 24, 2008

                                        MICHAEL A. CARDOZO
                                      Corporation Counsel of the City of New York
                                      *Attorney for Defendants*
                                        100 Church Street, Room 3-197
                                        New York, New York 10007
                                        (212) 788-1570

                            By:          /s/
                                        Cheryl L. Shammas

Index Number 07 CV 7752 (RJS)(JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIJAH MANDERS, et al.,

Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**ANSWER TO THE COMPLAINT**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
100 Church Street
New York, N.Y. 10007
*Of Counsel: Cheryl L. Shammas*
Tel: (212) 788-1570
Fax: (212) 788-9776
NYCLIS No.

*Due and timely service is hereby admitted.*
*New York, N.Y.* .................................................. ,
....................................................................... *Esq.*
*Attorney for City of New York*