USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/26/08

**Jeffrey A. Rothman**
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

**MEMO ENDORSED**

February 1, 2008

BY FAX
The Honorable James C. Francis IV
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street – Room 1960
New York, NY 10007

*[handwritten: LEAD CASE 04CIV 7922 — DOCKET IN BOTH CASES]*

Re:  Manders, et al. v. City of New York, et al., 07 Civ. 7752 (RJS) (JCF);
     Jusick, et al. v. City of New York, et al., 07 Civ. 7683 (RJS) (JCF);

Dear Judge Francis:

    I write to respectfully request reconsideration of Your Honor's Orders of January 17, 2008, denying Plaintiffs' motions for a default judgment as to three defendants (Police Officer Eric Rivera, Police Officer Paul Pizzuta, and Police Officer Edward Young) in the above-captioned two RNC cases[1]. Those Orders are annexed hereto as **Exhibit A**.

    While Plaintiffs are aware that judgment by default is a harsh remedy, there is a further ground for its imposition in the present circumstances that has come to my attention only after Your Honor's Orders denying Plaintiffs' requested relief. Eastern District Magistrate Judge Orenstein has issued a series of Orders expressly barring the Law Department, pursuant to Fed.R.Civ.Pro. 11, from seeking extensions to answer on behalf of Police Officers whom it does not yet represent. His Memorandum and Order with regard to this is well-reasoned (See, **Exhibit B**: October 12, 2007 Order of Judge Orenstein in Tactikos v. City of New York, et al., 07 Civ 3647 (EDNY)), and additionally illustrates the endemic dishonesty of the New York City Law Department in its dealings with the Federal Courts. As Judge Orenstein explains (citing his own language from another case), in language which mirrors the arguments I addressed to the Court in my letter of January 14, 2008 as to why a default judgment is appropriate in the present circumstances:

> ... I cannot fathom why, if the City believes that it *cannot* represent Sweeney until it has a legal obligation to do so, it did not take steps sooner to ensure that Sweeney would not be in the position he is in now: without counsel, and without time to answer. The Corporation Counsel knew almost two months

---

[1] Your Honor's Order in Jusick actually does not address my application as to Defendants Rivera and Pizzuta, but I assume from the lack of any other Order addressing my request for a default judgment as to these two, in conjunction with the denial of my application with regard to Defendant Young in Manders, that this was simply an oversight and that Your Honor's Jusick Order should be construed as denying my application as well.

1

before, I made it latest application that Sweeney was a named defendant in this action, and that it might be called upon to provide him with representation. Indeed, in its November 6, 2006 motion to stay the action, the Corporation Counsel acknowledged as much. DE 3 at 2 n.1. If it is true that the steps necessary to secure Sweeney's right to representation require a month to complete, see DE 7 at 1, then nothing prevented the Corporation Counsel from beginning and completing its investigation into Sweeney's eligibility for representation before his time to answer had expired. Even if it only got started taking steps to protect Sweeney's interests upon receiving my previous order denying relief as to Sweeney, the Corporation Counsel could have completed the investigation process in time.

Tactikos at 3 (footnote omitted).

Judge Orenstein concluded his Tactikos Memorandum and Order by holding that:

... defendant Cracchiola remains obligated to file his answer by October 15, 2007 – a mere three days from now. I hope that he meets that deadline so that this case can proceed to be determined solely on its merits. But I fear that the City's obduracy in this regard will needlessly expose Cracchiola to the possibility of a default judgment against him – a possibility that may then be avoided only by the grace of a plaintiff who is suing him for an alleged violation of civil rights. It continues to escape me why the City insists on taking such unnecessary chances with the fate of the police officers who serve it. For the reasons set forth above, I deny the motion of the City of New York to extend the time of defendant Cracchiola to respond to the Complaint.

Tactikos at 8-9.

Judge Orenstein appended the Tactikos Memorandum and Order to his related January 17, 2008 Order in King v. City of New York, et al., 07 Civ. 4757 (EDNY). The City, recognizing the soundness of Judge Orenstein's Order, and fearful of having the holding and reasoning of his well-reasoned Tactikos Memorandum and Order affirmed by District Judge Block, has withdrawn its Rule 72 appeal of the King Order (See, **Exhibit C**: Judge Orenstein's January 17th Order in King, and the January 23, 2008 letter to Eastern District Judge Fredric Block by the assigned Assistant Corporation Counsel withdrawing the City's Rule 72 appeal).

For the foregoing reasons, in conjunction with the reasons previously given in my letter to the Court of January 14, 2008, Plaintiffs respectfully request that the Court reconsider its Orders of January 17, 2008 and enter judgment by default as against these three defendants pursuant to Fed.R.Civ.Pro 55.

2

I thank the Court for its consideration in this matter.

Sincerely yours,

Jeffrey A. Rothman
[JR-0398]

cc:   Gerald Smith, Esq. (by email)
      Cheryl Shammas, Esq. (by email)
      All RNC Counsel (by email)

2/20/08
Application denied.
SO ORDERED.

James C. Francis IV
USMJ